UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA L. SPARR,                              No. 14-11529

        Plaintiff,                        District Judge Matthew F. Leitman

v.                                             Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is a Social Security Disability appeal brought pursuant to 42 U.S.C. § 405(g). Before the Court is Defendant's Motion to Dismiss for Failure to Prosecute [Doc. #17], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.   FACTS**

      Plaintiff Cynthia L. Sparr filed her complaint, through counsel, on April 15, 2014. The Defendant filed an answer, along with the administrative transcript, on July 1, 2014 [Doc. #13 and #14]. On July 2, 2014, I entered a scheduling order setting August 18, 2014 as the due date for Plaintiff's motion for summary judgment [Doc. #15]. Plaintiff has not filed a summary judgment motion to date. On September 22, 2014, the Defendant filed a motion to dismiss for failure to prosecute [Doc. #17].

      On January 6, 2015, Plaintiff filed a motion to extend time to file a motion for summary judgment [Doc. #18], seeking an additional 30 days. Plaintiff's counsel states in the motion that an administrative assistant who "has been battling a disease that has affected her memory and overall cognitive functioning" failed to properly calendar the

-1-

Court's scheduling order, and therefore "the deadline for filing was inadvertently missed."

## II.  STANDARD OF REVIEW

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v. Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir.2001).

Fed.R.Civ.P. 41(b) provides:

**"(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

## III.  DISCUSSION

### A.  Willfulness, Bad Faith, or Fault

As to the first *Knoll* factor, Plaintiff's counsel explains that her failure to comply with this Court's scheduling order was the result of errors made by an administrative assistant who, although historically reliable, was suffering from cognitive difficulties as

the result of an illness. In the response to Plaintiff's motion to extend time, the Defendant points out that the Court's ECF system sent notice of this motion to dismiss directly to Plaintiff's counsel on September 22, 2014, giving counsel actual notice of her assistant's errors. Yet, argues Defendant, another three months passed before Plaintiff's counsel filed a motion to extend time.

I will accept counsel's statement that her administrative assistant made errors. Ultimately, though, the buck stops at counsel's desk, and to an extent this explanation has the aroma of a dog-ate-my-homework excuse. Nevertheless, counsel's law firm has litigated many Social Security appeals in this Court, and up to this point has always done so with diligence, skill, and professionalism. The lack of attention given to this case seems to be an anomaly. So, although it is a close call, I will allow this dog one bite and chalk up counsel's errors to something less than willfulness, bad faith, or fault.

### B.  Prejudice

Some degree of prejudice is inherent in any delay. But beyond the generic, Defendant has not asserted any more specific prejudice from what will be an approximately five-month delay in this case. Indeed, the greater prejudice probably inures to Ms. Sparr, who must wait additional time for a decision.

### C.  Prior Warning

In some cases, the Court issues a show cause order when a party has failed to timely file a brief. That was not done in this case, and Plaintiff has not received any previous warnings.

### D.  Less Drastic Sanctions

No lesser sanctions have been previously imposed. Sanctions will be imposed, however, in conjunction with Plaintiff's motion to extend [Doc. #18], which will be the

subject of a separate order.

A balancing of the four *Knoll* factors convinces me that at this point, dismissal under Rule 41(b) is not appropriate, and the Defendant's motion should therefore be denied.

However, I caution Plaintiff and her counsel that in the future, failure to comply with the scheduling orders of this Court may lead to more drastic sanctions, including dismissal of the complaint.

### IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss for Failure to Prosecute [Doc. #17] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2015

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing document was sent to parties of record on January 9, 2015, electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager