UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CYNTHIA L. SPARR,

      Plaintiff,                               CIVIL ACTION NO. 14-11529

    v.

                                    DISTRICT JUDGE MATTHEW LEITMAN
                                    MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.**      **RECOMMENDATION**

      **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.**      **REPORT**

      **A.**      **Introduction and Procedural History**

      Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on June 13, 2007, alleging that she had been disabled and unable to work since August 31, 2005, at age 42, due to back pain and emotional difficulties. Benefits were initially denied by the Social Security Administration.

A requested <u>de novo</u> hearing was held on August 10, 2012[1], before Administrative Law Judge (ALJ) David F. Neumann. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 49 years old at the time of the remanded administrative hearing (TR 41). She had earned the equivalent of a high school education, and had completed one year of college course work in data processing (TR 42). Plaintiff alleged disability since August 2005[2], due to back and neck pain as well as frequent panic attacks (TR 43-44). Other impairments which allegedly prevented claimant from returning to work included periodic knee pain and hypertension (TR 44-45). Claimant testified that she was unable to sit or stand for prolonged periods (TR 51-52). Pain medications provided only temporary relief of her joint pain, but sometimes caused her to become fatigued (TR 50). Plaintiff explained she

---

[1]An earlier administrative hearing was held on January 07, 2010, before a different ALJ, which resulted in a decision to deny disability benefits. The Appeals Council vacated that decision on September 12, 2011, and remanded the matter for supplemental administrative action in order to obtain additional medical evidence (TR 20, 133-134).

[2]While claimant alleged disability since 2005, she acknowledged at the hearing that she owned and operated a house painting business for the past decade (TR 46, 63-64). Plaintiff sometimes assisted her son in doing the painting (TR 334). The wages that the claimant earned painting houses, however, did not exceed the thresholds necessary to be considered substantial gainful activity (TR 22).

feared leaving her home alone because she experienced frequent panic attacks when in public (TR 65).

A Vocational Expert (VE), Scott Silver, classified Plaintiff's past work as light, skilled activity (TR 70). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 78). If she were capable of light work, however, there were numerous unskilled office helper, inspection and packaging jobs that she could still perform with minimal vocational adjustment (TR 75-76). These indoor jobs would not require frequent climbing, balancing, stooping, kneeling, crouching or crawling. The VE described the jobs as simple, routine and involving the performance of repetitive tasks. They had only occasional contact with supervisors, co-workers or the general public (TR 75).

### B.    ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of minimal degenerative changes of the lumbar spine, cervical spondylosis, agoraphobia and depression, but that these conditions, either singularly or in combination, were not severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant was unable to frequently balance, stoop, crouch, kneel, crawl or climb. She was further limited to tasks considered to be simple, routine and repetitive. Given her agoraphobia, Plaintiff had to work inside a building, house or other structure. She could have no more than

---

[3] The witness opined that Plaintiff's alleged need to take frequent breaks to rest for upwards of 90 minutes a day would preclude work activity (TR 78).

3

occasional contact with supervisors, co-workers or the general public. Nevertheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 22-31).

### C.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence fails to support the finding that she remains capable of performing a limited range of light work activity.  She also argues that her mental difficulties were severe enough to meet Section 12.06 of the Listing of Impairments. Plaintiff added that the ALJ discounted her credibility, and failed to properly assess the medical record. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

### D.    Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, fails to provide objective support for claimant's allegations of severe and totally disabling functional limitations stemming from her joint pain, panic attacks and depression.

Contrary to Plaintiff's assertion, her panic attacks and anxiety are not severe enough to meet Listing 12.06.  In order to meet the Listing, the claimant would have to demonstrate that persistent anxiety which resulted in three out of four of the following symptoms: 1) motor tension; 2) autonomic hyperactivity; 3) apprehensive expectation, and or; 4) vigilance

and scanning.  These symptoms would then have to result in the complete inability to function independently outside of one's home.

The ALJ determined that Plaintiff did not meet Listing 12.06 because the record contained no evidence that she was completely unable to function independently outside the area of her home (TR 24). Treatment records revealed that the claimant was able to attend counseling sessions and doctors' appointments alone several years after her alleged onset date of disability (TR 595, 637). Moreover, Plaintiff admitted that she bid on jobs to paint homes and places of business during the relevant period (TR 63-64, 334), and that she even helped her son perform some of the painting when the bids were successful (TR 334). Significantly, Plaintiff admitted to Dr. Rousseau that the only reason she did not work was that her *physical* impairments prevented her from doing so[4] (TR 640). Therefore, I suggest substantial evidence supports the ALJ's determination that claimant's panic attacks and anxiety did not meet or equal Listing 12.06 because she did not have a "complete inability" to function outside her home.

I further suggest that substantial evidence supports the ALJ's finding that Plaintiff retained the residual functional capacity to perform a reduced range of light work activity. Dr. Christian Barrett, a treating psychologist, reported that claimant told him in September 2007, that she was capable of performing all household chores (TR 467). Another examining

---

[4]The ALJ also relied on the opinion of a state agency psychiatrist, who concluded that Plaintiff did not meet or equal section 12.06 of the Listing of Impairments (TR 23, 113).  The ALJ was entitled to do so because state agency psychiatrists are "highly qualified . . . experts" in the evaluation of disability under the Act.  20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(I).

mental health specialist, Patricia Marshall, stated in June 2007, that claimant often went shopping, despite claiming she was agoraphobic (TR 450). Ms. Marshal believed that Plaintiff had only made the appointment to attain disability. She based that opinion on the fact that the claimant asked several times if the licensed counselor could diagnose her as bipolar, as this would help her quality for benefits (TR 450).

I also find no objective medical evidence suggesting that claimant suffered severe side effects from pain medications[5], or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven physical limitations by restricting her to simple, routine jobs that did not require frequent climbing, balancing, stooping, crouching, kneeling or crawling. Giving Plaintiff the benefit of the doubt concerning her frequent panic attacks, the ALJ further limited her to work inside a building, house or other structure. The ALJ also found that the claimant not be exposed to more than occasional contact with supervisors, co-workers or the general public.

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with

---

[5]Plaintiff conceded in her Brief in Support of Summary Judgment at page 21 that she failed to list any side-effects from her medications in a Disability Appeal Form submitted to the SSA (TR 384).

2:14-cv-11529-MFL-CEB   Doc # 34   Filed 06/23/15   Pg 8 of 9   Pg ID 874

the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. <u>Beavers v. Secretary</u>, 577 F.2d 383 (6th Cir. 1978). See also <u>Williamson v. Secretary</u>, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled office helper, inspection and packaging jobs that she could still perform with minimal vocational adjustment (TR 75-76). These indoor jobs would not require frequent climbing, balancing, stooping, kneeling, crouching or crawling. The VE described the jobs as simple, routine and involving the performance of repetitive tasks. They had only occasional contact with supervisors, co-workers or the general public (TR 75). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence supports the finding that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to

find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


 s/ Charles E Binder

CHARLES E. BINDER
Dated: June 23, 2015                    United States Magistrate Judge