UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA L. SPARR,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 14-cv-11529
Hon. Matthew F. Leitman

## ORDER SUSTAINING PLAINTIFF'S OBJECTIONS (ECF #35); REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #34); GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #30); DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #32); AND REMANDING CASE FOR FURTHER PROCEEDINGS

In this action, Plaintiff Cynthia L. Sparr ("Sparr") challenges the denial of her application for Social Security disability insurance benefits. On June 23, 2015, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that this Court (1) grant summary judgment in favor of Defendant Commissioner of Social Security (the "Commissioner"), and (2) deny Sparr summary judgment. (*See* ECF #34.) Sparr has filed timely objections to the R&R ("the "Objections"). (*See* ECF #35.) The Court has now conducted a *de novo* review of the parts of the R&R to which Sparr has objected. For the reasons stated below, the Court **SUSTAINS** Sparr's Objections, **REJECTS** the R&R, and

**REMANDS** the matter to the Commissioner for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Sparr filed an application for Social Security disability insurance benefits on June 13, 2007. (*See* ECF #14-5 at 294, Pg. ID 350.) Sparr claimed that she had been unable to work since August 31, 2005, due to panic attacks, bipolar disorder, post-traumatic stress disorder, and agoraphobia. (*See id.*; *see also* ECF #14-6 at 343, Pg. ID 400.)[1] On September 17, 2012, Administrative Law Judge David F. Neumann (the "ALJ") found that Sparr was not disabled – and thus not entitled to benefits – in a written decision (the "ALJ's Decision"). (*See* ECF #14-2 at 20-31, Pg. ID 73-84.) In reaching that conclusion, the ALJ determined that Sparr's impairments do not meet or medically equal the criteria of Listing 12.06 (anxiety-related disorders). (*See id.* at 24, Pg. ID 77.) The ALJ further determined that Sparr has residual functional capacity ("RFC") to perform light, indoor work and that there are jobs that exist in significant numbers in the national economy that she can perform. (*See id.* at 24-31, Pg. ID 77-84.)

Sparr filed this action challenging the Commissioner's denial of benefits. (*See* #1.) The parties filed cross-motions for summary judgment ("Sparr's

---

[1] Sparr later added that she also suffers from back pain. (*See, e.g.*, ECF #14-6 at 361, Pg. ID 418.) Sparr does not challenge the ALJ's determination that she is not disabled due to her back pain. (*See* ECF #30.)

2

Motion" and the "Commissioner's Motion"). (*See* ECF ##30, 32.) In Sparr's Motion, Sparr asks this Court to "reverse the [Commissioner's] denial of … benefits and remand this case pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings…." (ECF #30 at 25, Pg. ID 830.) The Commissioner asks this Court to uphold its denial of benefits. (*See* ECF #32 at 26, Pg. ID 858.)

The Magistrate Judge then issued his R&R in which he recommended that the Court grant the Commissioner's Motion and deny Sparr's Motion. (*See* ECF #34.) Among other things, the Magistrate Judge stated that "substantial evidence supports the ALJ's determination that [Sparr's] panic attacks and anxiety did not meet or equal Listing 12.06." (ECF #34 at 6, Pg. ID 872.) The Magistrate Judge also determined that "substantial evidence supports the ALJ's finding that Plaintiff retained the [RFC] to perform a reduced range of light work activity." (*Id.*)

Sparr now objects to the R&R on two grounds. Specifically, Sparr contends that the record does not support the ALJ's conclusions that Sparr (1) fails to satisfy Listing 12.06, and (2) has the RFC to perform light, indoor work. (*See* ECF #35 at 2-5, Pg. ID 877-80.) The Commissioner responds that the ALJ's conclusions were well reasoned and that the Court should adopt the R&R in its entirety. (*See* ECF #36.)

3

## **GOVERNING LEGAL STANDARD**

The Court conducts a *de novo* review of the portions of a Magistrate Judge's Report and Recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

A claimant is not necessarily entitled to an immediate award of benefits when an ALJ's denial of benefits is not supported by substantial evidence. *See Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Indeed, if there is not "compelling evidence that [the plaintiff] is entitled to benefits," the Court "must remand for further consideration." *White v. Comm'r*, 312 Fed. App'x 779, 790 (6th Cir. 2009); *see also Hill v. Comm'r*, No. 14-12624, 2015 WL 4389791 at *14 (E.D. Mich. July 15, 2015) ("Where there is insufficient

support for the ALJ's findings, the appropriate remedy is reversal and … remand for further consideration" pursuant to Sentence Four of 42 U.S.C. § 405(g)) (internal citations and punctuation omitted).

## ANALYSIS

As noted above, Sparr's sole request for relief in her Motion is that the Court remand for further administrative proceedings, rather than for an immediate award of benefits. (*See* ECF #30 at 25, Pg. ID 830.) For the reasons discussed below, the Court finds this request for relief to be appropriate.

### A. Sparr's Objection to the ALJ's Conclusion that She Does Not Have Impairments that Meet or Equal Listing 12.06

As relevant here, a claimant has impairments that meet or medically equal Listing 12.06 – and therefore is disabled – if the claimant has certain medically-documented findings that "result[] in complete inability to function independently outside the area of one's home." 20 CFR § 404, Subpt. P, App. 1 § 12.06(A), (C). The ALJ concluded that Sparr does not have impairments that meet or equal Listing 12.06 because "the record contains no evidence that [Sparr] is completely unable to function independently outside the area of her home." (ECF #14-2 at 24, Pg. ID 77.) This assertion is factually incorrect.

The administrative record *does* contain evidence that Sparr is completely unable to function independently outside her home. For instance, at an administrative hearing before the ALJ in 2012, Sparr testified that she has "never

left [her] home by [her]self since 2005." (ECF #14-2 at 65, Pg. ID 118.) Similarly, in 2007, Sparr told a psychologist that she "cannot go anywhere by herself without having acute anxiety" and that she "ha[s] to have someone with [her] at all times." (ECF #14-7 at 466, Pg. ID 524.) At around the same time, Sparr told a counselor that she had a panic attack when her husband left her alone at Walmart. (*See id.* at 450, Pg. ID 508.) Moreover, Sparr's statements about her inability to function independently outside of her home are consistent with her therapist's comment on December 4, 2009, that Sparr's "husband still needs to be present in … sessions in order for her to feel safe" (*id.* at 596, Pg. ID 654) and with numerous other references in Sparr's medical record to her husband accompanying her to medical appointments. (*See id.* at 536, 541, 637; Pg. ID 594, 599, 695.) The ALJ failed to acknowledge this countervailing evidence in reaching his conclusion that "the record contains no evidence" that Sparr could not function independently outside her home.

The ALJ supported his conclusion with a single citation to a medical record from Sparr's visit to her therapist on December 8, 2009 (the "Therapist's Note"). (*See id.* (citing ECF #14-7 at 595, Pg. ID 653).)[2] In that document, the therapist

---

[2] Elsewhere in the ALJ's Decision, the ALJ cites Sparr's "Function Report" to support his assertion that Sparr "has attended sessions and doctors [sic] appointments alone." (ECF #14-2 at 27, Pg. ID 80 (citing ECF #14-6 at 357-71, Pg. ID 414-28).) But the Function Report does not support the ALJ's assertion.

noted that Sparr "was able to attend the session alone." (ECF #14-7 at 595, Pg. ID 653.) But the Therapist's Note does not establish that Sparr left her home by herself and traveled independently to the therapist's office. Indeed, Sparr's husband or another family member may have accompanied Sparr to the appointment and waited outside while Sparr met with the therapist. Moreover, even if the Therapist's Note did support the conclusion that Sparr is able to function independently, it would still be insufficient – standing alone – to constitute substantial evidence because the ALJ failed to take into account the evidence that Sparr *could not* function independently. Indeed, "[a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993); *see also Ellis v. Schweicker*, 739 F.2d 245, 249 (6th Cir. 1984) ("It is improper to base a [disability] decision on one single piece of evidence and to disregard other pertinent evidence.")

The Commissioner argues that other evidence in the record supports the conclusion that Sparr is able to function independently outside of her home. For instance, the Commissioner notes that Sparr has admitted that she performed some painting work for her family business after her alleged onset date. (*See* ECF #32 at 12, Pg. ID 845 (citing ECF #14-6 at 334, Pg. ID 391).) But Sparr's admission that

To the contrary, the Function Report states that Sparr "can't be left alone" and that she leaves her home "only with [her] husband." (ECF #14-6 at 363, Pg. ID 420.)

7

she performed limited painting work in 2006 does not establish that Sparr was able to function independently outside of her home for the full duration of her alleged disability. Moreover, Sparr specifically noted that she did the painting "along with [her] son," which is consistent with her testimony that she is not able to leave her house alone. (ECF #14-6 at 334, Pg. ID 391.)

In sum, the ALJ relied solely on the Therapist's Note to support his conclusion that "the record contains no evidence that the claimant is unable to function independently outside the area of her home." That conclusion is factually inaccurate. Indeed, the record contains countervailing evidence that Sparr *is* unable to function independently outside of her home, and the ALJ reached his conclusion without acknowledging that evidence or performing any meaningful analysis. Accordingly, the ALJ's Decision is not supported by substantial evidence and must be reversed.

Ultimately, the ALJ's conclusion may be correct. Indeed, the ALJ may find Sparr's testimony that she has not left her home alone since 2005 to be not credible, and the ALJ may have legitimate reasons for discounting other evidence that Sparr is unable to function independently outside of her home. But if that is the case, the ALJ needs to explain why he credits certain pieces of evidence and not others. Therefore, the Court remands the action to allow the Commissioner for further fact finding and analysis as to whether Sparr has an impairment or

combination of impairments that meets or medically equals the severity of Listing 12.06. *See id.*

**B. Sparr's Objection to the ALJ's RFC Determination**

Sparr also objects to the ALJ's determination at Step Four of the analysis that Sparr has the RFC to perform light, indoor work. Sparr argues that the ALJ erroneously concluded that she is able to work indoors despite her agoraphobia and panic attacks. (*See* ECF #35 at 4-5, Pg. ID 879-80.) Sparr contends that the RFC adopted by the ALJ is incorrect and that she is precluded from all work because she is unable to function independently outside of her home. (*See* ECF #30 at 24, Pg. ID 829.)

As discussed above, the ALJ has not adequately considered evidence that Sparr is unable to function independently outside of her home. This evidence is relevant to Sparr's RFC. Indeed, a vocational expert testified at a hearing before the ALJ that "there appears to be no jobs" that a person with Sparr's impairments could perform if she were unable to leave the house. (ECF #14-2 at 81, Pg. ID 134.)

The Court concludes that the ALJ's RFC determination is not supported by substantial evidence because the ALJ has not sufficiently considered all of the relevant evidence. If the ALJ reaches Step Four of the analysis on remand, the

9

ALJ must consider all of the evidence that Sparr is unable to function independently outside of her home.

## CONCLUSION

For all of the reasons stated above, the Court **SUSTAINS** Sparr's Objections (ECF #35) and **REJECTS** the R&R (ECF #34). **IT IS HEREBY ORDERED THAT** Sparr's Motion for Summary Judgment (ECF #30) is **GRANTED** and the Commissioner's Motion for Summary Judgment (ECF #32) is **DENIED**.[3]

**IT IS FURTHER ORDERED THAT** this matter is remanded to the Commissioner for further proceedings consistent with this Order.

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: August 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2015, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113

---

[3] The Court grants Sparr's Motion to the extent that she seeks a remand for further fact finding and for a new decision concerning her entitlement to benefits. If and to the extent that Sparr seeks a remand for an immediate award of benefits (as opposed to a remand for the proceedings described in the preceding sentence), the Motion is denied.