UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA L. SPARR,

      Plaintiff,                              Case No. 14-cv-11529
                                                  Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES (ECF #39)

On April 15, 2014, Plaintiff Cynthia L. Sparr ("Sparr") filed an action in this Court challenging the denial of her application for Social Security disability insurance benefits (the "Application"). The assigned Magistrate Judge issued a Report and Recommendation (the "R&R") on June 23, 2015, recommending that this Court affirm the denial of benefits. (*See* ECF #34.) After reviewing the Administrative Record and the R&R, this Court issued an Order on August 31, 2015, in which it rejected the R&R and concluded that there was not substantial evidence supporting the denial of Sparr's Application (the "August 31 Order"). (*See* ECF #37 at 8-10, Pg. ID 892-94.)

As described below, the Court found two material flaws in the September 17, 2012, written decision by the assigned Administrative Law Judge (the "ALJ")

initially denying Sparr's claim for benefits (the "ALJ's Decision"). (*See* ECF #14-2 at 20-31, Pg. ID 73-84). The Court remanded this action to the Commissioner of Social Security (the "Commissioner") for further fact finding and analysis. (*See* August 31 Order, ECF #37 at 10, Pg. ID 894.)

On November 25, 2015, Sparr filed a Petition for Attorney Fees (the "Petition") under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (*See* Petition, ECF #39 at 10-11, Pg. ID 905-06.) The Commissioner filed a Response in opposition to the Petition on December 9, 2015. (ECF #40.) For the reasons stated below, the Court **GRANTS IN PART** the Petition (ECF #39).

<u>**RELEVANT PROCEDURAL HISTORY**</u>

The Court included a detailed recitation of the relevant procedural history in its August 31 Order. (*See* ECF #37 at 2-3, Pg. ID 886-87.) The Court incorporates that recitation and sets forth the additional background that is relevant to the Petition.

On September 17, 2012, the ALJ found that Sparr was not disabled within the meaning of the Social Security Act, and thus not entitled to benefits. (*See* ALJ's Decision, ECF #14-2 at 20-31, Pg. ID 73-84.) Specifically, the ALJ concluded that (1) Sparr's impairments did not meet or medically equal the criteria of Listing 12.06 (anxiety-related disorders) (*see id.* at 24, Pg. ID 77), and (2) Sparr had the residual functional capacity ("RFC") to perform light, indoor work and that

2

there are jobs that exist in significant numbers in the national economy that she can perform (*see id.* at 24-31, Pg. ID 77-84).  The ALJ further concluded that "the record contains no evidence that [Sparr] is completely unable to function independently outside the area of her home." (*See id.* at 24, Pg. ID 77.)  After the Appeals Council denied Sparr's request to review the ALJ's Decision (*see* Admin. R., ECF #14-2 at 8, Pg. ID 60), Sparr filed this action, and the assigned Magistrate Judge later recommended in the R&R that this Court affirm the ALJ's findings. (*See* ECF #34.)

The Court rejected the R&R on two main grounds.  First, the Court determined that the ALJ was factually incorrect when he stated that there was "no evidence" showing that Sparr was completely unable to function independently outside of her home.[1]  (*See* August 31 Order, ECF #37 at 5-6, Pg. ID 889-90.) Second, the Court rejected the ALJ's RFC determination because he failed to consider evidence that Sparr is unable to function independently outside of her home.  (*See* August 31 Order, ECF #37 at 9, Pg. ID 893.)  Accordingly, the Court concluded that the ALJ's Decision was not supported by substantial evidence and remanded this action for further fact finding and analysis.  (*See id.*)

---

[1] The August 31 Order includes a detailed summary of the evidence showing that Sparr was completely unable to function independently outside of her home.  (*See* ECF #37 at 5-7, Pg. ID 889-91.)

Sparr now seeks attorney fees on the basis that the Commissioner's denial of benefits was not substantially justified. (*See* Petition, ECF #39 at ¶6, Pg. ID 2-3.) The Commissioner responds that, notwithstanding the August 31 Order, "the fact that the government did not prevail 'raises no presumption that its position lacked substantial justification.'" (*See* Def.'s Response, ECF #40 at 3, Pg. ID 987 (quoting *United States v. Real Prop. Located at 2323 Chars Rd.*, 946 F.2d 437, 440 (6th Cir. 1991).)

## GOVERNING LEGAL STANDARD

Under the EAJA, a prevailing party in an action against the Commissioner is permitted to recover attorney fees. *See* 28 U.S.C. § 2412(b) ("[A] court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States . . . ."). A social security claimant who wins a remand pursuant to sentence four of 42 U.S.C. § 405(g)[2] is a prevailing party for the purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

The EAJA "requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified." *Howard v. Barnhart* 376 F.3d 551, 553 (6th Cir.

---

[2] Sentence four of the statute reads "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

4

2004) (citing 28 U.S.C. § 2412(d)(1)(A)).  The Commissioner bears the burden of establishing that its position was substantially justified.  *See DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014).  To meet this burden, the Commissioner must demonstrate that its position had "'a reasonable basis both in law and fact.'" *Howard*, 376 F.3d at 553 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

## ANALYSIS

Sparr is a prevailing party under the EAJA because the Court granted her request to remand this action pursuant to sentence four of 42 U.S.C. § 405(g).  *See Shalala*, 509 U.S. at 300-01.  Sparr is therefore entitled to attorney fees unless the Commissioner can show that its denial of benefits is "substantially justified despite remand."  *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (*citing DeLong*, 748 F.3d at 727).  The Commissioner cannot do so.

### A.   The Lack of Substantial Justification

There is no reasonable basis in fact – and therefore no substantial justification – supporting the ALJ's conclusion that "the record contains *no evidence* that [Sparr] is completely unable to function independently outside the area of her home."  (*See* ALJ's Decision, ECF #14-2 at 24, Pg. ID 77 (emphasis added).)  In fact, the Administrative Record shows just the opposite.  As the Court noted in its August 31 Order:

> The administrative record *does* contain evidence that Sparr is completely unable to function independently outside her home. For instance, at an administrative hearing before the ALJ in 2012, Sparr testified that she has "never left [her] home by [her]self since 2005." (ECF #14-2 at 65, Pg. ID 118.)  Similarly, in 2007, Sparr told a psychologist that she "cannot go anywhere by herself without having acute anxiety" and that she "ha[s] to have someone with [her] at all times." (ECF #14-7 at 466, Pg. ID 524.) At around the same time, Sparr told a counselor that she had a panic attack when her husband left her alone at Walmart. (*See id.* at 450, Pg. ID 508.)  Moreover, Sparr's statements about her inability to function independently outside of her home are consistent with her therapist's comment on December 4, 2009, that Sparr's "husband still needs to be present in . . . sessions in order for her to feel safe" (*id.* at 596, Pg. ID 654) and with numerous other references in Sparr's medical record to her husband accompanying her to medical appointments. (*See id.* at 536, 541, 637; Pg. ID 594, 599, 695.)  The ALJ failed to acknowledge this countervailing evidence in reaching his conclusion that "the record contains no evidence" that Sparr could not function independently outside her home.

(ECF #37 at 5-6, Pg. ID 889-90.)  Moreover, as the Court further concluded, the ALJ "reached his conclusion [that Sparr could function independently outside of her home] without . . . performing any meaningful analysis." (*See id.* at 8, Pg. ID 892.)

The Commissioner concedes that "the ALJ did not adequately explain his finding about Listing 12.06C," but asserts that "'an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification.'" (Def.'s Response, ECF #40 at 5, Pg. ID 989 (quoting *DeLong*, 748 F.3d at 727).)  The Commissioner is correct that an ALJ's

inadequate explanation does not, *by itself*, establish that the denial of benefits lacked substantial justification. *See Glenn*, 763 F.3d at 500. But when an ALJ fails to provide an adequate explanation for a conclusion *and* "selectively considered the evidence in denying benefits," then "the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification." *See Howard*, 376 F.3d at 554. That is precisely what happened here.

The Court has already determined that the ALJ selectively considered evidence in denying benefits. Specifically, the Court found that the ALJ supported his conclusion that Sparr is not disabled "with a single citation to a medical record from Sparr's visit to her therapist on December 8, 2009." (August 31 Order, ECF #37 at 6, Pg. ID 890.) But the therapist's note establishes only that Sparr was able to "attend the session" alone. (ECF #14-7 at 198, Pg. ID 653.) It does not establish that Sparr left her home by herself and traveled to the office alone. Moreover, the ALJ overlooked Sparr's testimony that she could not function independently outside of her home. The ALJ's blanket statements that he evaluated the Administrative Record as a whole (*see, e.g.*, ALJ's Decision, ECF #14-2 at 26, Pg. ID 78) is not sufficient to establish that the Commissioner had a substantial justification – especially in the absence of an adequate explanation for his conclusions.

**B.     Attorney Fees: Hours Worked and Hourly Rate**

The EAJA provides, in pertinent part, that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The plaintiff bears the burden of proving that the hours worked and the fees requested are reasonable.  *See Fisher v. Comm'r of Soc. Sec.*, No. 14-13881, 2015 WL 4944385, at \*2 (E.D. Mich. Aug. 19, 2015).   The plaintiff also bears the burden of establishing that a higher fee is appropriate if seeking an upward adjustment.   *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Sparr submitted with her Petition a time sheet establishing that her attorneys spent 45.18 hours working on this case between February 21, 2014, and September 1, 2015.  (*See* Pl.'s Ex. B, ECF #39-3 at 1, Pg. ID 912.)   In response to this documentary evidence, the Commissioner has made only a conclusory argument "out of an abundance of caution . . . that Plaintiff has not sustained her burden of establishing that [] the number of hours" is proper.  (Def.'s Response, ECF #40 at 6, Pg. ID 990.)  The Court rejects the Commissioner's argument and concludes that Sparr's attorneys did not spend "excessive, redundant, or otherwise unnecessary" hours preparing for this case. *See Fisher*, 2015 WL 4944385, at \*2.

Sparr requests that this Court award her attorney fees at an hourly rate of $184.50 for attorney work performed in 2014 and 2015.  (*See* Petition, ECF #39 at ¶10, Pg. ID 900.)  To support this hourly rate, Sparr submitted to the Court: (1) the Consumer Price Index (the "CPI") Data for Detroit-Ann Arbor-Flint as of October 2015, (2) the State Bar of Michigan 2007 Economics of Law Practice Summary Report, (3) affidavits from attorneys Blaise A. Repasky, David A. Sims, Michael Trager, Evan Zagoria, and non-attorney representative Dannelly C. Smith regarding attorney fees, and (4) the State Bar of Michigan Attorney Income and Billing Rate.  (*See* Pl.'s List of Exhibits, ECF #39-1 at 1, Pg. ID 908.)

This Court has held previously that the evidence Sparr submitted is not sufficient to support an upward adjustment in the amount requested by Sparr.  In *Fisher*, the plaintiff sought $200.00 per hour in attorney fees and relied on evidence nearly identical to the evidence submitted by Sparr – including virtually the same affidavits from the same attorneys and non-attorney representative.  The Court concluded that this evidence did not accurately capture the going rate for attorneys handling social security disputes in the relevant market and declined to grant the full requested upward adjustment.  *See Fisher*, 2015 WL 4944385, at *3-5.  Instead, the Court awarded fees at an hourly rate of $150.00.

The Court's conclusion in *Fisher* applies with equal force to Sparr's Petition and the Court therefore declines to award fees at an hourly rate of $184.50.  But, as

9

in *Fisher*, the Court also recognizes that the $125.00 statutory cap does not adequately compensate Sparr's attorneys under the circumstances of this case.  In line with Fisher and other persuasive decisions from this Court and within this Circuit, this Court awards attorney fees at an hourly rate of $150.00.  *See, e.g.*, *id.* at *5; *Vock v. Comm'r of Soc. Sec.*, No. 13-cv-12753, 2014 WL 6974663, at *5 (E.D. Mich. Dec. 9, 2014); *see also Shumaker v. Comm'r of Soc. Sec.*, 2013 WL 6501300, at *3 (N.D. Ohio Dec. 11, 2013).  Accordingly, the Court will award Sparr attorney fees at an hourly rate of $150.00 for 45.18 hours of attorney work[3] on this case, for a total amount of $6,777.00.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Sparr's Petition (ECF #39) is **GRANTED IN PART**.  The Commissioner shall pay Sparr **$6,777.00** in attorney fees.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 23, 2015

---

[3] The Court denies Sparr's request for paralegal fees.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 23, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113